# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK S. MAXEY, | ) | CASE NO. 1:23-CV-1603 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) ) | **MEMORANDUM OPINION AND** |
| CUYAHOGA COUNTY JAIL, *et al.*, | ) | **ORDER** |
| Defendants. | ) ) ) ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Derrick S. Maxey, an inmate in the Lake Erie Correctional Institution, filed this action against the Cuyahoga County Jail, Aramark Services, and Trinity Group Services. (ECF No. 1). Plaintiff contends that while he was detained in the jail in June 2023, he found an insect in one of his meals. *Id*. He asserts claims for "violation of human and constitutional rights," negligence, breach of duty of care, products liability, and personal injury. *Id*. He seeks $1,500,000.00 in damages. *Id*.

## II. BACKGROUND

Plaintiff indicates he was a detainee in the Cuyahoga County Jail on June 21, 2023. He alleges that on that date, he was served a lunch consisting of chili, vegetables, and bread. He states that as he was scooping chili onto his bread, he noticed an insect in the chili which he believed to be a cockroach. He contends he alerted a corrections officer, who placed the insect in a bag. He indicates that the incident caused him increased mental anguish. He asserts claims for "violation of human and constitutional rights," negligence, breach of duty of care, products liability, and

1

personal injury. He contends Defendants are liable to him for monetary damages.

### III. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### IV. DISCUSSION

As an initial matter, Plaintiff fails to state a claim for a constitutional violation against the Defendants. He does not allege any personal involvement of any the Defendants, or any employee

working for the Defendants. He fails to suggest under what theory he seeks to hold the Defendants liable. The allegations suggest an isolated incident that, at most, can be described as negligent and having possibly caused only de minimis injury. The complaint does not contain allegations of actions by any of the Defendants that rise to the level of a constitutional violation.

Plaintiff's remaining claims for negligence, breach of duty of care, products liability, and personal injury are state law tort claims. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having determined that Plaintiff's federal law claims should be dismissed, this Court declines jurisdiction to hear Plaintiff's state law claims.

### V. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 16, 2023

*[signature: Charles Fleming]*

  _____
  **CHARLES E. FLEMING**
  **UNITED STATES DISTRICT JUDGE**